UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

LONNIE W. MARONEY )
)
v. ) NO. 2:08-CV-32
) *Jordan/Inman*
GERALD T. EIDSON, Att'y at Law )

## MEMORANDUM and ORDER

Acting *pro se*, Lonnie W. Marony, a prisoner in the Hamblen County Detention Center, brings this complaint for damages under 42 U.S.C. § 1983 against his criminal defense attorney. Plaintiff's application to proceed without prepayment of fees is **GRANTED**, and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court twenty percent (20%) of plaintiff's preceding monthly income credited to his account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement to ensure compliance with

the assessment procedures outlined herein. All payments should be sent to the Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed.

Plaintiff states his claim as follows:

> "Gerald T. Eidson ineffectively represented me in case # 07CR194. We had (sic) agreement with the state on a plea agreement. I was promised 1 year @ 30% ran concurrent with Jeff. Co. With jail time credit from Jeff. Co. Through his neglect he didn't write my plea agreement out to the specification to what I offered to the D.A.'s office with my counter plea that was agreed upon by both parties. On my request to my lawyer to come an (sic) on said matter to resolve said problem has gone unanwsered (sic) through letter an (sic) phone messages." Compl. at 3, ¶ IV.

Plaintiff would like to be awarded the sum of $20,000 for the mental anguish he is suffering for being forced to go through all the trouble of filing a motion for his own remand to correct his sentence. There are several problems with the complaint that mandate its dismissal.

First of all, to state a claim upon which relief may be granted in this § 1983 action, plaintiff must show that a defendant: 1) deprived him of a right secured by

the Constitution and the laws of the United States 2) while acting under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The conduct of a private defendant is actionable under § 1983 only if the conduct can be fairly attributable to the state, *see Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998), and the conduct of a private party may be fairly attributable to the state only if the conduct is so closely connected to the state that it may be fairly treated as that of the state.

Here, there is no allegation whatsoever that defendant—an attorney engaged in the private practice of law—is a state actor or that his challenged actions may be fairly attributed to the state. Thus, plaintiff fails to state a claim entitling him to relief under § 1983.

Secondly, while the court could convert this complaint into a federal application for writ of habeas corpus, there is insufficient information in the complaint to support such a conversion. But if there were adequate information to sustain a conversion, a petition for habeas corpus is barred unless a petitioner demonstrates that he has exhausted available state court remedies or that resort to them would be useless. 28 U.S.C. § 2254(b). Nothing in the complaint suggests that exhaustion has occurred. In fact, since plaintiff is seeking to correct his sentence through state judicial action, he clearly has not exhausted his state court remedies.

Accordingly, any claim that falls within the Court's habeas corpus jurisdiction is **DISMISSED** without prejudice.

A separate order will enter dismissing the entire action for failure to state a claim for relief under § 1983.

**ENTER:**

*Leon Jordan*
LEON JORDAN
UNITED STATES DISTRICT JUDGE